**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2518
_____


CONSOL PA COAL COMPANY, LLC;
CONSOL ENERGY, INC.,
Petitioners

v.

DIRECTOR OFFICE OF WORKERS COMPENSATION PROGRAMS
UNITED STATES DEPARTMENT OF LABOR;
BRYAN C. SNYDER
_____

On Petition for Review of an Order of the
Benefits Review Board
(BRB-1:22-0083 BLA)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 23, 2024

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: July 8, 2024)

_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Consol PA Coal Company, LLC and Consol Energy, Inc. (collectively, "Consol") petition this Court to review the United States Department of Labor Benefits Review Board's decision and order affirming an Administrative Law Judge's award of disability benefits to Bryan C. Snyder under the Black Lung Benefits Act, 30 U.S.C. §§ 901–944. For the reasons set forth below, we will deny the petition.[1]

**I.**

We review the BRB's decision only to determine "whether an error of law has been committed and whether the Board has adhered to its scope of review."[2] "In reviewing the Board's decision, we must independently review the record and decide whether the ALJ's findings are rational, consistent with applicable law and supported by substantial evidence on the record considered as a whole."[3] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4]

The BLBA provides benefits "to coal miners who are totally disabled due to pneumoconiosis."[5] A rebuttable presumption exists that a miner is "totally disabled due to pneumoconiosis" if a miner was employed for fifteen years "either in one or more underground coal mines, or in coal mines other than underground mines in conditions

---

[1] We have jurisdiction under 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).
[2] *Kowalchick v. Director, OWCP*, 893 F.2d 615, 619 (3d Cir. 1990).
[3] *Hill v. Director, OWCP*, 562 F.3d 264, 268 (3d Cir. 2009).
[4] *Id.* (quoting *Mancia v. Director, OWCP,* 130 F.3d 579, 584 (3d Cir. 1997)).
[5] 30 U.S.C. § 901(a).

substantially similar to those in underground mines" and the miner has "a totally disabling respiratory or pulmonary impairment."[6] An employer may rebut the presumption by "[e]stablishing that no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis."[7]

## II.

Consol argues that the presumption should not apply to Snyder because the ALJ erroneously concluded that Snyder had 15 years of qualifying mine employment.[8] In the alternative, even if the rebuttable presumption does apply, Consol argues that the ALJ erroneously concluded that Consol did not rebut the presumption.

Consol's argument is based upon its contention that substantial evidence does not support the ALJ's finding that Snyder's 4.28 years of truck driving employment was qualifying coal mine employment. Snyder's truck driving qualifies as coal mine employment if he can demonstrate that he worked "in conditions substantially similar to those in underground mines."[9] "The conditions in a mine other than an underground mine will be considered 'substantially similar' to those in an underground mine if the claimant

---

[6] 20 C.F.R. § 718.305(b)–(c); *see also* 30 U.S.C. § 921(c)(4).
[7] 20 C.F.R. § 718.305(d)(1)(ii). The presumption may also be rebutted by "[e]stablishing both that the miner did not have: (A) Legal pneumoconiosis . . . ; and (B) Clinical pneumoconiosis . . . , arising out of coal mine employment." 20 C.F.R. § 718.305(d)(1)(i).
[8] Consol also argues that if the presumption does not apply then substantial evidence establishes that Snyder's pulmonary impairment was not caused by pneumoconiosis. Because we agree with the ALJ that the presumption applies, we do not reach this argument.
[9] 20 C.F.R. § 718.305(b)(1)(i).

demonstrates that the miner was regularly exposed to coal-mine dust while working there."[10]

Consol argues that there was insufficient evidence to establish regular exposure to dust because "nowhere within the passages of testimony from Claimant and his wife that were cited by the ALJ, did they ever mention the words 'dust' or 'dirt.'"[11] The argument is disingenuous at best. Although the specific passages the ALJ cited did not explicitly use the word dust, it is beyond debate that other portions of the record clearly mention the word "dust," and the clear inference from the evidence was that Snyder was regularly exposed to dust as a truck driver.

On his employment history form, Snyder indicated that he was exposed to dust, gases, or fumes throughout his time working as a truck driver. Snyder explained that the windows were down much of the time he was hauling coal because the trucks did not have air conditioning. Additionally, Snyder frequently stood outside of his truck and directed the loading of the coal, which meant that miners were "dumping coal while [he] was] standing right there."[12] Accordingly, Snyder described that "at the end of everyday [he] would have a black dust over [the] dash an[d] interior of [the] trucks [he] drove."[13]

---

[10] 20 C.F.R. § 718.305(b)(2).

[11] Opening Br. 17. Consol also contends that Snyder could not show his 4.28 years of truck driving was qualifying mine employment because he worked sporadically as a truck driver. However, the sporadic nature of Snyder's employment is not relevant to whether Snyder was regularly exposed to coal dust, and the ALJ already calculated that Snyder had 4.28 years of truck driving employment based only on the time he actually spent hauling coal.

[12] JA 528–30.

[13] JA 88.

4

His wife also testified that he "would come home from work looking like a coal miner, underground."[14] Similarly, when Snyder gave his employment history to Dr. Melvin Saludes, he explained that he was "exposed to coal dust" while working as a truck driver and "[h]e recall[ed] having to wipe the inside of the cab every day, [because it] had filled with thick dust," and "[s]ometimes his clothes would be covered with dust."[15] There is substantial evidence on the record considered as a whole to conclude that Snyder was regularly exposed to dust as a truck driver and thus the 4.28 years of truck driving employment was qualifying coal mine employment. Consol's argument to the contrary borders on frivolity.

Nevertheless, Consol insists that even if the rebuttable presumption applies, the ALJ erroneously concluded that Consol did not rebut the presumption by improperly relying on the preamble to the BLBA's implementing regulations in weighing the evidence.[16] However, Consol failed to raise this issue before the BRB—it neither challenged the ALJ's finding that it had not rebutted the presumption, nor did it mention the preamble. Pursuant to the regulations, a petition for review to the BRB must "list[] the specific issues to be considered on appeal."[17] We have held that the doctrine of administrative exhaustion applies to BLBA claims and "a court should not consider an argument which has not been raised in the agency proceedings which preceded the

---

[14] JA 529.
[15] JA 122.
[16] *See* 65 Fed. Reg. 79920–80107 (Dec. 20, 2000).
[17] 20 C.F.R. § 802.211(a); *see also Sims v. Apfel*, 530 U.S. 103, 108 (2000) (recognizing that § 802.211(a) requires issue exhaustion).

appeal, absent unusual circumstances."[18] Because Consol failed to exhaust this issue and provides no excuse for its failure, we will not consider it.[19]

## IV.

For the above reasons, we will deny the Petition for Review.

---

[18] *Director, OWCP. v. N. Am. Coal Corp.*, 626 F.2d 1137, 1143 (3d Cir. 1980); *see also Edd Potter Coal Co., Inc. v. Director, OWCP*, 39 F.4th 202, 209 (4th Cir. 2022) (holding that BLBA claims require issue exhaustion before the BRB); *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 750 (6th Cir. 2019) (same).

[19] Even if we could consider the issue, Consol likely would not succeed because "an ALJ may reasonably rely on the agency's findings expressed in the Preamble in determining how much weight to assign to an expert's opinion." *Helen Mining Co. v. Elliott*, 859 F.3d 226, 240 (3d Cir. 2017).